**Presentment Date and Time:**
**August 18, 2025 at Noon**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

In Re:                                                                        Chapter 11

33 MAKO LLC,                                                          Case No.: 25-11256-PB

                                    Debtor.
----------------------------------------X

## NOTICE OF PRESENTMENT OF ORDER SEEKING RETENTION OF KUCKER MARINO WINIARSKY & BITTENS, LLP AS ATTORNEYS FOR DEBTOR-IN-POSSESSION

      **PLEASE TAKE NOTICE,** that upon the attached amended application, the proposed order authorizing the retention of Kucker Marino Winiarsky & Bittens, LLP as counsel to the Debtor, effective as of June 3, 2025, will be presented to the Honorable Philip , United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, Manhattan, Alexander Hamilton Custom House, One Bowling Green, New York 10004-1408 on the **18th day of August, 2025 at Noon** for signature (the "Presentment Date").

      **PLEASE TAKE FURTHER NOTICE,** that Objections, if any, to the proposed order must be in writing, filed with the Court, with a copy to Chambers, provided, however, that pursuant to general order No. M-182 re: Electronic Case Filing Procedures (as amended from time to time), entities with Internet access shall file objections (formatted in PDF Format) at http://www.nysb.uscourts.gov., and served upon the undersigned so as to be received no later than

1

11:30 a.m. on the Presentment Date.  In the event objections are timely interposed, the Court will schedule a Hearing on said objections.  In the event no objections are timely interposed, the Order may be signed.

New York, New York
August 1, 2024

                                                  /S/ Joel Shafferman_____
Joel Shafferman, Esq.
Of Counsel
Proposed Attorneys for the Debtor
Kucker Marino Winiarsky
& Bittens, LLP
747 Third Avenue
New York, New York 10017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                                                    Chapter 11

33 MAKO LLC,                                                                    Case No. 25-11256-PB

                        Debtor.
-----------------------------------------------------------X

### DEBTOR'S APPLICATION FOR AUTHORIZATION TO RETAIN COUNSEL

**TO THE HONORABLE PHILIP BENTLEY**
**UNITED STATES BANKRUPTCY JUDGE:**

       33 Mako LLC, the debtor and debtor in possession (the "Debtor") seeks the entry of an order pursuant to sections 327(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor's retention and employment of Kucker Marino Winiarsky & Bittens, LLP ("KMW&B") to provide legal services in connection with this case. In support thereof, the Debtor states:

#### SUMMARY OF REQUESTED RELIEF

       1.    As set forth in more detail herein, this application seeks approval of the Debtor's retention of KMW&B as its general counsel to represent the Debtor and assist it in carrying out its duties as a debtor in possession under Chapter 11 of the Bankruptcy Code.

3

### JURISDICTION AND VENUE

2. Jurisdiction over this application is vested in the United States District Court for this District pursuant to sections 1334 of title 28 of the United States Code (the "Judicial Code").

3. This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. §157(b)(1). The statutory predicates for the relief sought herein are sections 327 and 1107 of the Bankruptcy Code.

4. Venue of this motion in this district is proper pursuant to section 1409 of the Judicial Code.

### BACKGROUND

5. On June 3, 2025 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code with this Court. The Debtor has continued to manage and operate its business pursuant to sections 1107 and 1108 of the Bankruptcy Code. No committee of creditors, trustee or examiner has been appointed.

### RELIEF REQUESTED

6. The Debtor seeks authorization to retain KMW&B as its counsel to represent the Debtor in this case and assist it in carrying out its duties as a debtor-in-possession under Chapter 11 of the Bankruptcy Code.

### THE NEED FOR KMW&B

7. The Debtor will need a firm with specific expertise in Chapter 11 reorganizations to guide it through the intricacies of the Chapter 11 process. Joel M. Shafferman,

of counsel to KMW&B, has successfully shepherded numerous debtors through Chapter 11 reorganizations and the Debtor believes that KMW&B is well qualified to represent it in this case.

**Services to be Rendered During this Case**

8. The professional services to be rendered by KMW&B in this case shall include, but shall not be limited to:

    (a) providing advice to the Debtor with respect to its powers and duties under the Bankruptcy Code in the continued operation of its business and the management of its property;

    (b) negotiating with creditors of the Debtor, preparing a plan of reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

    (c) appearing before the various taxing authorities to work out a plan to pay taxes owing in installments;

    (d) preparing on the Debtor's behalf Debtor necessary applications, motions answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

    (e) appearing before this Court to protect the interests of the Debtor and its estate, and representing the Debtor in all matters pending before this Court; and

    (f) performing all other legal services for the Debtor that may be necessary herein.

**Fees**

9. In return for providing the above-referenced services, KMW&B will receive its customary fees, subject to the submission of appropriate applications and the approval of this Court.

10. The Debtor believes that the compensation to be paid to KMW&B is appropriate and reasonable in view of the size of the Debtor's operations, the amount of work which may be required and the compensation customarily paid for services of this kind.

**Disinterestedness**

11. The Debtor believes that KMW&B is a "disinterested person" as that term is defined by the Bankruptcy Code. KMW&B represents no interest materially adverse to the Debtor, its estate, its creditors, or its equity holders. To the best of the Debtor's knowledge, information and belief, KMW&B has no connection with the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and will not, at any time, represent any other entity in connection with this case.

### BASIS FOR THE REQUESTED RETENTION

12. Section 327(a) of the Bankruptcy Code provides that a debtor, with the court's approval, may employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are disinterested persons to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a).

### CONCLUSION

13. The Debtor submits that for the reasons set forth above, its retention of KMW&B is essential to its successful reorganization. Accordingly, the Debtor submits that it is in the best interest of the Debtor, its estate and its creditors for the Debtor to be authorized to retain KMW&B.

14. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order, a copy of which is attached hereto as Exhibit "A" (i) approving its retention of KMW&B effective as of the Petition Date on the terms and conditions set forth herein and in the annexed affidavit and (ii) granting such other and further relief as is just and proper.

**DATED:** June 26, 2025
New York, New York

      /S/ Thomas Zung
Thomas Zung, Member
of 33 Mako LLC

UNITED STATES BANKRUPTCY COURT
SOURTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In Re:                                                                            Chapter 11

33 MAKO LLC,                                                               Case No. 25-11256-PB

                        Debtor.
----------------------------------------------------------X

## CERTIFICATION OF JOEL M. SHAFFERMAN

**JOEL M. SHAFFERMAN** certifies that:

      1.      I am of counsel to the law firm of Kucker Marino Winiarsky & Bittens, LLP ("KMW&B") with an address at 737 Third Avenue, New York, New York 10017, and have been duly admitted to practice in this Court.

      2.      To the best of my knowledge, neither I nor any member or associate of KMW&B has any connection with above named Debtor, its creditors, or any other party in interest herein or its respective attorneys. I submit this Certification in support of the entry of an Order of this Court authorizing the retention of KMW&B as counsel to the Debtor.

      3.      I will bear primary responsibility for this case. To the best of my knowledge, neither I nor KMW&B represent any interest adverse to the Debtor herein or its estate in the matters upon which KMW&B is engaged. Therefore, KMW&B and I are disinterested persons pursuant to Section 101(14) of the title 11 of the United States Code (the "Bankruptcy Code").

      4.      I have read and am generally familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York.

5. I am competent to represent the interests of the Debtor herein in all proceedings now pending or which may reasonably be expected to be pending in this court in the foreseeable future.

6. Neither I nor KMW&B represents any interest adverse to the Debtor herein or his estate in the matters upon which KMW&B is to be engaged. Neither I nor any other attorney employed by KMW&B has any connection with William K. Harrington, Esq. or any person employed by the Office of the United States Trustee.

7. KMW&B has anticipates receiving a retainer from third party funds, not from the Debtor's funds, in the amount of $7,500.00, inclusive of the filing fee of $1,738.

8. I am currently the attorney at KMW&B who will bear the sole responsibility for KMW&B's representation of the Debtor in this case. My billing rate for this case will be $560 an hour.

Dated: New York, New York　　　　　　　　　　By: /S/ Joel M. Shafferman
　　　　August 1, 2025　　　　　　　　　　　　　　　　Joel M. Shafferman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                                                    Chapter 11

33 MAKO LLC,                                                                     Case No. 25-11256-PB

                                  Debtor.
-----------------------------------------------------------X

### DECLARATION OF THOMAS ZUNG IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORIZATION TO RETAIN SHAFFERMAN & FELDMAN LLP AS <u>ATTORNEYS FOR THE DEBTOR</u>

Thomas Zung, hereby certifies that:

I am a member of 54 Sandcastle LLC (Sandcastle").

1. This certification is submitted in support of the Debtor's Application for Authorization to Retain Counsel (the "Application"). Pursuant to the Application, the Debtor seeks to retain Kucker Marino Winiarsky & Bittens, LLP ("KMW&B") as its bankruptcy counsel.

2. On July 2, 2025, Sandcastle provided Shafferman & Feldman ("KMW&B") with a retainer, in the amount of $9,238.00, in connection with the above referenced Chapter 11 case.

3. Sandcastle is not a creditor of the Debtor.

4. At the time that the Debtor engaged KMW&B as its bankruptcy counsel, Sandcastle was advised that KMW&B's retention was specific to the Debtor and that KMW&B would act only as counsel for the Debtor during the bankruptcy case. Sandcastle was further advised that it would be required to retain separate and independent legal counsel if any issues affecting me during the pendency of the Debtor's case. The Debtor and Sandcastle each agreed to the retainer payment arrangement.

10

      5.      Sandcastle does not intend to purchase any of the Debtor's assets during the pendency of this case.

      6.      Sandcastle does not intend to provide any financing to the Debtor.

      7.      Sandcastle will not be filing any proofs of claim in this case or seek repayment of the amounts paid.

I hereby declare, pursuant to section 1746 of title 28 of the United States Code that the foregoing is true to the best of my knowledge, information and belief.

Dated: August 1, 2025

                                        /S/ Thomas Zung
                                        54 Sandcastle LLC
                                        By its member Thomas Zung

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In Re:                                                                                                  Chapter 11

33 MAKO LLC,                                                                                 Case No. 25-11256-PB

                              Debtor.
-------------------------------------------------------------X

**ORDER AUTHORIZING
RETENTION OF KUCKER MARINO WINIARSKY &
BITTENS, LLP, AS COUNSEL FOR THE DEBTOR
EFFECTIVE AS OF JUNE 3, 2025**

        Upon the annexed application of 33 Mako LLC, the debtor and debtor in possession ("Debtor"), for authority pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") to retain Kucker Marino Winiarsky & Bittens, LLP ("KMW&B") as counsel to the Debtor, effective as of June 3, 2025, and upon the annexed certification of Joel Shafferman, Esq., of counsel to KMW&B, and it appearing that Joel Shafferman, Esq. is an attorney duly admitted to practice in this Court, and the Court being satisfied that KMW&B is a disinterested person and represents no interest adverse to the Debtor or to the estate in the matters upon which KMW&B is to be engaged, and that its employment is necessary and in the best interests of the estate, it is

        **ORDERED**, that the Debtor be, and it is hereby, authorized to retain KMW&B as its counsel to represent it as counsel in the within case under chapter 11 of the Bankruptcy Code, effective as of June 3, 2025, the date of the Debtor's commencement of this Chapter 11 case; and it is further

        **ORDERED**, that compensation to KMW&B for services rendered to the Debtor hereafter shall be upon proper application on notice and hearing to the Court pursuant to §§330

and 331 of the Bankruptcy Code and the United States Trustee Guidelines and the Local Bankruptcy Rules for the Southern District of New York; and it is further

**ORDERED**, that KMW&B shall not split its fees in this case with any other professional.

Dated: New York, New York
      June   , 2025

                                                          Honorable Philip Bentley
                                                          United States Bankruptcy Judge

No Objection:
Office of United States Trustee

By:  Tara Tiantian, Esq.
     Trial Attorney

13