| | |
|---|---|
| BRONSON LAW OFFICES PC<br>*Counsel for 54 SCL Funding LLC*<br>480 Mamaroneck Avenue<br>Harrison, NY 10528<br>914-269-2530 (tel.)<br>H. Bruce Bronson, Esq.<br>hbbronson@bronsonlaw.net | HEARING DATE AND TIME:<br>**September 16, 2025 at 4:00 P.M.** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

                                                                                                Chapter 11
                                                                                                 Case No. 25-11256 (PB)

      33 MAKO, LLC

                                     Debtor.
------------------------------------------------------x

**MOTION FOR AN ORDER PURSUANT TO SECTION 362 OF THE
BANKRUPTCY CODE GRANTING RELIEF FROM STAY AND FOR SUCH OTHER
AND FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER**

     54 SCL Funding LLC, (the "Secured Creditor"), by and through its counsel, Bronson Law Offices, PC, hereby moves this Court for the entry of an Order lifting the automatic stay pursuant to section 362(d) of the Bankruptcy Code for the purpose of allowing the Secured Creditor to proceed in state court to enforce the Secured Creditor's rights and interests in the real property located at 54 Sandcastle Lane, Amagansett, NY 11930 (the "Property"); and for such other and further relief as the Court deems just and proper (the "Motion").

**JURISDICTION AND VENUE**

     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § § 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue lies properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

1. On or about December 15, 2021, LendingOne, LLC ("Original Lender") made a $2,415,000.00 Loan (the "Loan") to 33 Mako LLC (the "Debtor"). The Loan is evidenced by that certain Commercial Promissory Note dated as of December 15, 2021 (the "Note"), in the original principal amount of $2,415,000.00, the maker of which is the Debtor.

2. The indebtedness owed under the Note is secured by the Debtor's Property and all of Debtor's personal property, as described in the Open-End Commercial Mortgage, Security Agreement and Fixture Filing (defined below) (collectively, the "Property").

3. The Debtor defaulted under the terms of the Note by, inter alia, failing to pay off the Loan in full on October 1, 2023, when the Loan matured, and the Debtor was sent a default notice on July 9, 2024.

4. On July 31 2024, Secured Creditor commenced a foreclosure action in the Supreme Court for The State Of New York, County of Suffolk, at Index No. 618965/2024.

5. The Secured Creditor was granted summary judgment and a referee was appointed by Order Granting Summary Judgment, Appointing Referee and Amending Caption dated April 17, 2025, and entered on April 22, 2025.

6. On June 3, 2025, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. The Debtor listed the Property on its Schedules as its only asset with an unknown value.

7. It is undisputed that this is a single asset real estate case as defined by Section 101 (51B) of the Bankruptcy Code. On page 2 of the Debtor's petition filed at ECF Dkt No.1, on question number 7 "Describe the debtor's business" the Debtor checked the box for Single Asset Real Estate.

8. As of June 3, 2025, the amount of $3,269,320.37 is due and owing Secured Creditor under the Loan Documents as detailed in the filed Proof of Claim.

9. Testimony of the Debtor's principal at the Section 341 Meeting of Creditors demonstrates that the Debtor has no other assets, no current income, no potential for future income and no prospects for reorganization.

10. Therefore, the Debtor cannot meet its obligations as a single asset real estate debtor pursuant to Section 362(d)(3). The Debtor has no ability to make payments to Secured Creditor nor can it propose a feasible plan of reorganization.

11. Accordingly, Secured Creditor is entitled to relief from the automatic stay pursuant to Section 362(d)(3) to continue to pursue all of its rights against the Debtor's real and personal property.

## BASIS FOR RELIEF REQUESTED

**A.    Secured Creditor is Entitled to Relief from Stay Pursuant to 11 U.S.C. § 363(d)(3) Because This Is A Single Asset Real Estate Case.**

As part of the Bankruptcy Reform Act of 1994, Congress added 11 U.S.C. § 101(51B) and amended 11 U.S.C. § 362, creating an expedited process for "single asset real estate" cases. Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4128. Although "the legislative history for § 362(d)(3) is 'meager,'" the statute's language reveals that the purpose of this provision is to accelerate the confirmation process for "single asset real estate" debtors and reduce unfairness inherent in "single asset real estate" cases. *See In re Heather Apartments Ltd. P'ship*, 366 B.R. 45, 49–50 (Bankr. D. Minn. 2007) (quoting *In re Archway Apartments, Ltd.*, 206 B.R. 463, 465 (Bankr. M.D. Tenn. 1997)).

If a case under § 362(d)(3) does not proceed quickly to confirmation, the mortgagee is to be compensated "in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate." 11 U.S.C. § 362(d)(3)(B); *see id.* Under § 362(d)(3), the court shall terminate the automatic stay unless the "single asset real estate"

debtor commences monthly payments or files a plan not later than ninety days after the entry of the order for relief or thirty days after the court determines the debtor is subject to the "single asset real estate" provision. 11 U.S.C. § 362(d)(3).

If a debtor's SARE status is acknowledged on its bankruptcy petition, then the debtor must propose a plan or commence monthly payments to secured creditors within 90 days after the entry of the order for relief. In voluntary cases, the filing of a petition constitutes an order for relief. *See* 11 U.S.C. § 301. Thus, in voluntary cases where a debtor acknowledges its SARE status, as it did in this case, the debtor has 90 days from the filing of the petition to meets its section 362(d)(3) obligations, or the court must grant relief from the stay. *In re 5th St. Parking LLC*, No. 19-12821 (MG), 2020 Bankr. LEXIS 191, at 12-13 (Bankr. S.D.N.Y. Jan. 24, 2020)

As such, Secured Creditor states that by the hearing date for this Motion, ninety days will have passed and unless the Debtor has made the required payment Secured Creditor respectfully requests that this Court terminate the automatic stay immediately to permit it to immediately enforce its rights and applicable law, including without limitation, the right to Moreover, and notwithstanding Rules 4001(a)(3) or 7062 of the Federal Rules of Bankruptcy Procedure, grounds exist for any order lifting the automatic stay pursuant to this Motion to be effective immediately on the entry of an order lifting the stay. As such, Secured Creditor also requests that the Court waive the 14-day stay under Federal Rule of Bankruptcy Procedure 4001 (a)(3).

WHEREFORE, for all the reasons set forth herein, Secured Creditor respectfully requests that this Court enter an Order immediately terminating the automatic stay with respect to the Property, as the Debtor and granting such other and further relief as this Court deems just and appropriate.

                                                     BRONSON LAW OFFICES, PC

Dated: August 12, 2025        By:   */s/ H. Bruce Bronson, Esq.*
                                                       H. Bruce Bronson
                                                       480 Mamaroneck Ave.
                                                       Harrison, NY 10528
                                                       (914) 269-2530
                                                       hbbronson@bronsonlaw.net